W. A. Haines, Troy, for plaintiff below.
Faust & Faust, Troy, for appellant.

## DERR v FAUST

Ohio Appeals, 2nd Dist, Miami Co

No 367. Decided Jan 4, 1938

## OPINION

By BARNES, PJ.

The above entitled cause is now being determined on proceedings in error through defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Miami County, Ohio.

In the court below the issues were joined through the amended petition of plaintiff, answer of defendant, and reply of plaintiff.

In the trial, the jury returned a verdict in favor of the plaintiff in the sum of $2,124.00.

On motion for new trial; the trial court found that the amount was excessive, but not the result of passion or prejudice. The plaintiff agreed to a remittitur of $324.00, and thereafter the motion for a new trial was overruled, and judgment entered for the plaintiff in the sum of $1,800.00 and costs.

This is the final judgment from which error is prosecutel in this court.

Plaintiff's action was predicated upon an express contract, claimed to have been entered into with the decedent, Ida Shaffer Smith, in July or August, 1919. The defendant's decedent agreed to make a will, whereby plaintiff would be compensated at her death for certain services which

plaintiff was ·to render to the said Ida Shaffer Smith.

The petition further alleges that the decedent, at various times thereafter, reaffirmed the agreement, whereby the plaintiff was to be· well compensated for such services as he might render for her. That pursuant to said request and agreement, plaintiff entered upon the discharge of the services and work which the said Ida Shaffer Smith requested him to do and from that time forward performed work and services of the following character:

"Caring for the lawn and shrubbery and residence grounds where she lived; taking her in his automobile to the doctor's with whom she treated, and on other trips which she desired to make; building fences and repairing fences on her farm, for which he would furnish a part of the material; keeping the buildings in repair on said farm; furnishing all of the labor for the construction of new buildings on the farm; and for remodeling and reroofing buildings on said farm; looking after all of the business of said farm for her; taking care of her banking business, either doing the same himself or accompanying her in his automobile to transact said banking business; taking care of all the payments of taxes and other business pertaining to the farm, which, required trips into the city of Troy and other nearby points; digging ditches and placing tile on the farm; clearing said farm of stone, either by hauling it away or burying the same; digging out stumps; grubbing fence rows, and giving other service and much work incidental and pertaining to said agreement, and at all times holding himself subject to the call of said Ida Shaffer Smith."

Plaintiff further alleges that he continued to render such services until about the 9th day of April, 1934, at which time the said Ida Shaffer Smith died, making in all a period of 176 months; and further that the plaintiff performed all of the labor and services and complied in every way with the conditions of said agreement on his part to be performed.

Further that no last will and testament was found following the death of defendant's decedent. That by reason' of such failure to provide compensation by will, plaintiff asks that he be compensated and allowed the reasonable value of said services, which he alleges to be $20.00 per month. The petition contains the further allegation that an itemized statement of an account of said facts, and a bill for said services, with a request of payment, were presented to the defendant-administrator for allowance, and that the said administrator, on the 13th day of August, 1934, rejected the claim.

The defendant-administrator in his answer admits his appointment and qualification; admits that Ida Shaffer Smith died on the 8th day of April, 1934, and further that no last will and testament of the decedent has ever been found or produced, and further that no provision had been made for any compensation of any sort to said plaintiff; there is the further averment in the answer admitting the presentation of the itemized statement and account of said facts, and bill of services, and that the administrator rejected the claim on the 13th day of August.

For first defense, the answer denied all of the allegations of the petition, not admitted to be true. A second defense raised the question of the statute of limitations, to so much of the claim that may have accrued prior to October 12, 1928.

Through a third defense, it is averred that plaintiff was a tenant on a farm owned by the said decedent from the time of the death of her husband in 1919 and cultivated said farm on a crop share basis. Further that if the plaintiff rendered any service as alleged in his petition, such services were merely incidental to his tenancy of said farm and such as are usually performed by tenants, for which plaintiff is not entitled to compensation.

Plaintiff, in his reply to the third defense of defendant's answer, admits that he was a tenant on the farm owned by decedent from the time of the death of her husband in 1919; and that he cultivated one of her farms on the crop share basis. Further replying to the answer, makes the specific allegation that the services rendered and sued for were not such as were incidental to his tenancy, but on the contrary were services which were not usually required by a tenant farmer and were extra services.

The second defense raising the question of the statute of limitations seems to have been abandoned. We arrive at this conclusion from the fact that no reference is made. to this second defense in the brief of counsel for appellant. The trial court in his charge to the jury made no reference to this defense of the statute of limitations. If this defense is applicable, error would be manifest. Parenthetically we might say that under the allegations of

the petition fixing the time of payment at the date of death of the decedent the statute of limitations would not start to run until the due date of the claim.

Counsel for appellant sets out the following assignments of error:

1. The verdict of the jury is against the weight of the evidence and is contrary thereto.

2. The verdict of the jury is contrary to law.

3. The court erred in the admission of evidence over the objection and exception of the defendant.

4. The court erred in the exclusion of evidence offered by this defendant.

5. The court erred in overruling defendant's motion for a directed verdict at the close of plaintiff's case and again for a directed verdict at the close of defendant's case and all the evidence.

6. The court erred in its general charge to the jury.

7. The amount of recovery is excessive and appears to have been given under the influence of passion and prejudice.

8. For errors of law that occurred at the trial of said cause, prejudicial to the right of this defendant by which this defendant was prevented from having a fair trial.

In counsel's brief these assignments of error are regrouped under three headings as follows:

A. The court erred in overruling this defendant's motion for a directed verdict at the close of plaintiff's case and again for a directed verdict at the close of all the evidence.

B. The motion of the defendant for a directed verdict should have further been sustained upon the grounds that the plaintiff failed to prove extra contractual service for said decedent for which he is entitled to be compensated.

C. Admission of evidence prejudicial to this defendant over the objection and exception of defendant.

Assignment of error No. 6 challenges the correctness of the trial court's general charge to the jury. Nothing specific is called to our attention and for that reason we assume that this ground of error is abandoned. However, we have carefully gone over the charge and find that it correctly states the law in the usual clarity of diction of the trial court.

The claimed error relative to the admission of evidence refers specifically to the hypothetical question presented to Mr. Frank Recount, a witness for the plaintiff. The hypothetical question appears at page 17 of the record. It is claimed that there was an entire absence of evidence supporting some of the substantial facts set out in the hypothetical question. To be more specific it is pointed out that the hypothetical question as well as the evidence from which it was predicated failed to narrate the nature and extent of the services rendered. These near infirmities are apparent and no doubt was apparent to the trial court and prompted the statement following overruling of objection to the hypothetical question. "If he can answer the question the objection will be overruled."

Searching the record, we are inclined to the conclusion that the hypothetical question was supported by evidence although of slight probative force.

During this discussion on the admissibility of the hypothetical question the court explained in the presence of the jury the necessity of recited facts in support of the question. The trial judge in the general charge also instructed the jury as follows:

"As to the value of such opinion basis for the hypothetical question, I instruct you that unless you find the assumed fact upon which such opinions are based are established by a preponderance of the evidence, and the facts and circumstances appearing in evidence, such opinions are of little or no value as an aid to you in determining the issue involved in the case. As to all this class of testimony it is submitted to assist your judgment in determining the probable truth of matters not ordinarily within the common knowledge of man. But you are not required to surrender your own opinions upon such matters, if you entertain any unless the opinion so testified to appears more probable than your own and and your own are not merely conjectured but are based upon your own experience in human affairs or rise out of facts and circumstances developed in the testimony submitted to your judgment."

We find no prejudicial error in the admission of testimony. The remaining errors may be properly stated under the claim that the verdict and judgment are not supported by the evidence and is contrary to law.

Counsel for appellant, with ingenious and plausible argument question the correctness

of the jury's verdict. This case presents a somewhat different factual situation that is ordinarily encountered in suits upon contract. The defense being ██ made by the administrator, the statute prohibits the plaintiff from testifying. The claimed contract not being supported by any writing must be established, if at all, by parol.

The legislative enactment prohibiting parties from testifying where the action is brought against an administrator is for the purpose of preventing frauds. In practice it is salutary. However, courts and juries in passing on litiga- ██ tion of this character may properly keep in mind the inhibitions of the law as to the parties testifying. In the instant case it is plaintiff's contention as set out in his petition that the decedent in 1929 and on numerous occasions thereafter solicited and procured plaintiff's services under an agreement that compensation would be provided therefor by will.

The relationship between plaintiff, his family and the decedent was very cordial. The decedent had no surviving children. Her closest relatives being a brother and sister. Both lived some distance from her. The plaintiff as a boy had lived in the family of decedent and her deceased husband. The evidence disclosed that there was a very close attachment between these parties approaching that of parent and child. That is why the decedent had very high regard for the plaintiff and a deep appreciation for the attention and services that he gave her. That there was such an agreement as set out in plaintiff's peti- ██ tion is adequately proven. Plaintiff's wife specifically testified to the agreement. Of course, she is an interested witness and her evidence, if unsupported, should be carefully scrutinized and received with caution. However, a neighbor lady of the decedent and so far as disclosed by the record, a disinterested witness, also furnishes evidence to the controct. This witness says that just a few days before the decedent died that Mrs. Smith was worrying because she had not made her will and provided for the children as she had promised to do. The witness said that decedent always referred to Mr. and Mrs. Derr as the children. The evidence also supports plaintiff's contention as to the rendering of services to the decedent over and beyond that which would ordinarily be rendered by a tenant on the farm. Plaintiff and his family resided on a 56 acre farm belonging to decedent. But not in the same house as decedent. The record is very vague and indefinite as to the amount of services. Ordinarily we would expect much more definite information showing the kind and nature of the services. The absence of this evidence in the instant case is explained on the theory that plaintiff was attending to the wants and desires of Mrs. Smith just as a child would do, and hence no attempt was made to keep an account as a stranger would do. Apparently both parties, in view of the fact that they were not related, recognized the necessity of an agreement. Plaintiff faithfully carried out his part of the agreement and had implicit confidence in Mrs. Smith that she would do likewise. The last days of Mrs. Smith were disturbed by reason of the mental chastisement of herself for her failure to provide for the children by will as she had promised to do.

We have no difficulty in arriving at the conclusion that the evidence amply supports the verdict in favor of plaintiff. The only question is as to the amount. The trial court reduced the amount of the verdict to $1800.00. This would be practically $10.00 per month. Reviewing courts are slow to reverse on the question of the weight of the evidence. The jury and trial court had the advantage of seeing the witnesses; evidently from their verdict they were impressed with the righteousness of plaintiff's claim. The jury was in a position to visualize the nature and character of the services performed. The jury would have the right to exercise ██ their own judgment as to value under **McIntyre, Executor v Garlic,** 4 O.C.D. page 429. While not entirely free from doubt, we are constrained to the view that we should not disturb the amount of the verdict. We find no prejudicial error in the record. Judgment of the trial court will be affirmed. Cause remanded for further proceedings according to law.

HORNBECK and GEIGER, JJ, concur.